COMMONWEALTH *vs.* JOHNNY B. LENDON. No. 93-P-99. November 30, 1993. *Homicide. Joint Enterprise.*

The single issue on appeal is whether the judge erred in denying the defendant's motion for a required finding of not guilty in a second degree murder case where the shooter, codefendant Kevin Brown,[1] was a passenger in a car driven by the defendant. The case was tried and submitted to the jury on the basis that the defendant acted as a joint venturer with

---

[1] Kevin Brown pled guilty to murder in the second degree at the end of the Commonwealth's case.

Brown in the murder of Joseph Wilson, who was eighteen years old at the time of his death.

The jury could have found the following facts. In the early afternoon of February 25, 1991, the defendant, a member of the Rifle Street gang, was driving a black Jeep. Brown was in the passenger seat. Kevin Rogers was in the back seat. Two other gang members were following in their cars. The Rifle Street gang were on their way to fight with the members of a rival gang. When the Rifle Street gang members saw Timothy Patterson, a member of the rival gang, driving by in the opposite direction, the defendant and the other gang members made a U-turn and began to pursue Patterson.

Patterson, driving down Wellington Street in an attempt to escape the pursuit, heard three shots fired by someone leaning out of the passenger window of the defendant's automobile which followed at a distance of about three house lengths. Patterson identified the defendant as the driver of the black Jeep. Kevin Rogers, a passenger in the defendant's black Jeep, identified codefendant Kevin Brown as the shooter. The shots may have been fired either at Patterson or at an automobile driven by a person known only as Tim. In either event, the jury could have found that the defendant knew that his passenger, Kevin Brown, was armed with a loaded gun which he had deliberately fired at another individual who, the jury could have found, was a member of a rival gang.

After Brown fired the shots, the defendant's automobile continued down Wellington Street. A red Jeep, driven by the victim, Wilson, was then seen. The defendant said, "There go more of them," and the pursuit of the victim's automobile began. The chase ended on Logan Street where the defendant's vehicle "cut off" Wilson's automobile. At that moment, Kevin Brown fired two shots into the red Jeep. One bullet killed Wilson. The defendant then fled the scene in his black Jeep. Traveling at a high rate of speed, and going through a stop sign, he hit another automobile on Alden Street. Shortly thereafter Brown, the shooter, jumped out of the vehicle and disappeared. The defendant continued driving until, unable to move in a traffic jam, he was apprehended by the police who had given chase.

"To be convicted of murder on a joint venture theory '[a] joint venturer need only intend that the victim be killed or know that there is a substantial likelihood of the victim's being killed.' " *Commonwealth* v. *Stewart*, 411 Mass. 345, 350 (1991), quoting from *Commonwealth* v. *Champagne*, 399 Mass. 80, 86-87 (1987). "The jury may infer the requisite mental state from the defendant's knowledge of the circumstances and subsequent participation in the offense." *Commonwealth* v. *Champagne, supra* at 87. We conclude that the Commonwealth presented sufficient evidence to sustain the defendant's conviction, on a joint venture theory, of murder in the second degree. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676 (1979).

After the first incident on Wellington Street, the defendant knew that his passenger, Brown, was in possession of a gun loaded with ammunition, and that Brown fired that gun at an individual believed to be a member of a rival gang. The defendant then knew, or any reasonable person would have known in those circumstances, that there was a substantial likelihood that, if given the opportunity, Brown would shoot at a rival gang member again, and death would most likely follow. See *Commonwealth* v. *Grey*, 399 Mass. 469, 470 n.1 (1987). The defendant gave Brown that opportunity. He gave the signal for the fatal chase: "There go more of them," referring to the victim as a member of a rival gang. Then, by cutting off the path of the victim's car, the defendant accomplished two things: he made sure the victim could not escape, and he provided Brown with the opportunity to shoot the victim at almost point-blank range. All that was left was to pull the trigger, and the jury could have found that the defendant knew Brown would, in all likelihood, do that.

*Judgment affirmed.*

*Carlo Obligato*, Committee for Public Counsel Services, for the defendant.

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.